UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHEROME DEGUZMAN, derivatively on behalf of PETCO HEALTH AND WELLNESS COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOEL D. ANDERSON, et al.,<br><br>Defendants<br><br>and<br><br>PETCO HEALTH AND WELLNESS COMPANY, INC.,<br><br>Nominal Defendant. | Case Nos.:  25-CV-1964 JLS (VET)<br>                  25-CV-1985 JLS (VET)<br><br>**ORDER GRANTING REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS**<br><br>(ECF No. 14) |
| DANIELLE MILLER, derivatively on behalf of PETCO HEALTH AND WELLNESS COMPANY, INC.,<br><br>Plaintiff, | |

1

|   |   |
|---|---|
| 1 | |
| 2 | v. |
| 3 | JOEL D. ANDERSON, et al., |
| 4 | Defendants |
| 5 | and |
| 6 | PETCO HEALTH AND WELLNESS |
| 7 | COMPANY, INC., |
| 8 | Nominal Defendant |

Presently before the Court is Plaintiffs Jherome Deguzman's and Danielle Miller's Revised Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs ("Mot.," ECF No. 14) in the above-captioned actions ("Related Derivative Actions"). Also before the Court is a Statement of Non-Opposition to Revised Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs ("Non-Opp'n," ECF No. 15) filed by Defendants Joel D. Anderson, R. Michael Mohan, Ronald V. Coughlin, Jr., Sabrina Simmons, Brian LaRose, Michael Nuzzo, Glenn Murphy, Iris Yen, Cameron Breitner, Gary Briggs, Nishad Chande, David Lubek, Christopher J. Stadler, Mary Sullivan, Christy Lake, Maximilian Biagosch, and Jennifer Pereira, and Nominal Defendant Petco Health and Wellness Company, Inc. ("Petco") (collectively, "Defendants"). For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion (ECF No. 14).

## BACKGROUND

On June 30, 2025, Joshua Spurbeck filed a complaint against Petco, alleging violations of § 10(b), Rule 10b-5, and § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). *See generally Spurbeck v. Petco Health and Wellness Company, Inc. et al.*, 25-CV-1667 JLS (VET) ("*Spurbeck* Action"), ECF No. 1 ("Spurbeck Compl."). Spurbeck's claims arise from allegedly materially false and misleading statements

regarding the Petco's growth around the time of the COVID-19 pandemic, despite its declining financial performance and eventual stock price drops. *Id.* ¶ 6–21. Spurbeck alleges that because "Petco's pandemic-related tailwinds were unsustainable," "the strength of Petco's differentiated product strategy was overstated" and the named defendants "downplayed the true scope and severity of the foregoing issues, the magnitude of changes needed to rectify those issues, and the likely negative impacts." *Id.* ¶ 6.

Soon after Spurbeck brought the above-described securities class action against Petco, Plaintiffs Jherome Deguzman and Danielle Miller brought the Related Derivative Actions on behalf of Petco against Defendants, who largely have served on Petco's Board of Directors. Deguzman filed a complaint on August 1, 2025, alleging violations of § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 (17 C.F.R.§240.14a-9), breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, waste of corporate assets, and contribution under §§ 10(b) and 21D of the Exchange Act. *See generally* ECF No. 1 ("Deguzman Compl."). On the same day, Miller filed a complaint alleging violations of § 14(a) of the Exchange Act, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and contribution under §§ 10(b) and 21D of the Exchange Act. *See generally Miller v. Anderson et al.*, 25-CV-1985 JLS (VET), ECF No. 1 ("Miller Compl."). Although the claims contained therein differ, the Deguzman and Miller Complaints are nearly identical to the Spurbeck Complaint in that they arise out of similar allegedly false and misleading statements in connection with Petco's performance and subsequent stock price drops between approximately 2021 and 2025. *See* Deguzman Compl. ¶¶ 67–114; Miller Compl. ¶¶ 86–157; *cf.* Spurbeck Compl. ¶¶ 46–109.

On August 21, 2025, Plaintiffs filed a Joint Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs. *See* ECF No. 5. The Court denied the joint motion without prejudice and ordered Plaintiffs to include a more robust analysis as to their request to appoint co-lead counsel and to address

whether consolidating the Related Derivative Actions with the *Spurbeck* Action would serve the interests of judicial economy. ECF No. 6 ("Order") at 2–3. The Court further ordered Plaintiffs to serve the Order on Plaintiff Joshua Spurbeck and invited Spurbeck to weigh in on consolidation. *Id.* at 3.

In response to the Court's Order, Plaintiffs filed the instant motion on September 24, 2025, seeking to consolidate the Related Derivative Actions, and any later-filed related actions, under Lead Case No. 3:25-cv-01964-JLS-VET and to appoint The Brown Law Firm, P.C. ("The Brown Law Firm") and Rigrodsky Law, P.A. ("Rigrodsky Law") as co-lead counsel representing Plaintiffs in the consolidated action. Mot. at 1. Plaintiffs and Defendants request that the Court not consolidate the Related Derivative Actions with the *Spurbeck* Action. *Id.*; Non-Opp'n at 1. Spurbeck did not file a response to the Court's Order. *See generally* Docket.

## CONSOLIDATION

Federal Rule of Civil Procedure 42(a), permits a district court to consolidate actions "involv[ing] a common question of law or fact[.]" Fed. R. Civ. P. 42(a). "A district court generally has 'broad' discretion to consolidate actions." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Mohanty v. BigBand Networks, Inc.,* No. C 07-5101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008) (citing *EEOC v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir. 1998)).

Here, the Related Derivative Actions are brought against substantially the same Defendants, allege similar claims, and arise out of the same allegedly materially false and misleading statements made by Defendants. *See* Mot. at 3–4. Consolidation of the Related Derivative Actions is therefore appropriate and serves the purposes of consolidation. *See Silva on behalf of Dexcom, Inc. v. Sayer*, No. 24-CV-1645-RSH-VET, 2024 WL 5145970, at *2 (S.D. Cal. Dec. 16, 2024) (finding consolidation appropriate where shareholder

derivative suits were "brought against the same defendants, allege[d] the same or substantially identical violations of law, and involve[d] the same predicate facts") (collecting cases); *Mohanty*, 2008 WL 426250, at *2.

However, Plaintiffs argue that consolidation of the Related Derivative Actions with the *Spurbeck* Action is not appropriate. To start, the *Spurbeck* Action is a securities class action alleging violations *against* Petco as opposed to *on behalf of* Petco (as in a shareholder derivative suit), which comes with distinct procedural and heightened pleading requirements under the Private Securities Litigation Reform Act ("PSLRA"). Mot. at 5. Plaintiffs also point to the differing remedies between the two types of actions—recovery *from* versus *for* Petco—as well as incomplete overlap in the named defendants. *Id.* at 5–6. Thus, despite arising from "substantially the same transactions, happenings, or events," consolidation of the Related Derivative Actions with the *Spurbeck* Action "risk[s] . . . prejudice and confusion." *Id.* at 4.

The Court agrees with Plaintiffs. Courts in the Ninth Circuit have declined to consolidate securities class actions with related shareholder derivative actions. *See, e.g.*, *Sanders v. VeriFone Sys., Inc.*, No. 5:13-CV-01038-EJD, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (holding that consolidation of shareholder derivative action with securities class action "may result in unfair prejudice to the[] additional parties"); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *1 (N.D. Cal. Mar. 4, 2013) (holding that derivative shareholder suits, non-derivative securities class actions, and ERISA suits shared common facts but legal issues were "sufficiently distinct" such that allowing three separate actions to proceed was appropriate). Here, consolidation with the *Spurbeck* Action is not appropriate for the reasons raised by Plaintiffs. *See* Mot. at 4–6. Accordingly, the Court finds consolidation of the Related Derivative Actions appropriate, but does not find consolidation with the *Spurbeck* Action appropriate.

/ / /

/ / /

# APPOINTMENT OF LEAD COUNSEL[1]

"District courts regularly (but are not required to) appoint lead counsel in complex consolidated suits." *Nicolow*, 2013 WL 792642, at *6 (first citing *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1979); and then citing 9A Wright & Miller, *Federal Practice & Procedure* § 2385 (3d ed. 2008)). "The appointment of lead counsel is designed to eliminate 'duplication and repetition' by creating 'a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled.'" *Silva on behalf of Dexcom, Inc.*, 2024 WL 5145970, at *2 (quoting *Vincent*, 557 F.2d at 774).

Here, Plaintiffs request that the Court appoint The Brown Law Firm and Rigrodsky Law as co-lead counsel. Mot. at 1. Plaintiffs submit that The Brown Law Firm and Rigrodsky Law are "are both well capitalized and fully capable and prepared to staff and finance this derivative litigation and have extensive experience in handling complex shareholder derivative litigation, having served as lead or co-lead counsel in numerous derivative cases around the country, and have demonstrated a high level of professionalism in securing a number of significant recoveries." Mot. at 8.

Having reviewed the law firms' resumes and considered each firm's experience with shareholder derivative suits, the Court finds each law firm independently qualified to serve as lead counsel in this litigation. *See* ECF Nos. 14-2, 14-3; Mot. at 8–12. Additionally, other courts in the Ninth Circuit have appointed co-lead counsel in shareholder derivative actions. *See, e.g.*, *Lee ex rel Coherent, Inc.*, 2007 WL 1558565, at *2; *Hacker v. Peterschmidt*, 2006 WL 2925683, at *5 (N.D. Cal. Oct. 12, 2006). Accordingly, the Court

---

[1] Unlike in a securities class action subject to the PSLRA, there is no requirement to appoint a lead plaintiff in a shareholder derivative action before appointing lead counsel. *See, e.g.*, *Lee ex rel Coherent, Inc. v. Ambroseo*, No. C 07-0955JFHRL, 2007 WL 1558565, at *2 (N.D. Cal. May 29, 2007) (noting that neither Federal Rule of Civil Procedures 23.1 nor 42(a) "requires that a court appoint a lead plaintiff in a consolidated shareholder derivative action" and that "[n]o Ninth Circuit precedent suggests that appointment of a lead plaintiff is required or even appropriate when that issue is contested in a shareholder derivative action"); *Sparano v. Lief*, No. 10CV2079 BTM BLM, 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011). The Court will thus not do so in this case, nor do Plaintiffs request that the Court do so.

finds it appropriate to appoint The Brown Law Firm and Rigrodsky Law as co-lead counsel to represent Plaintiffs in this action.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs (ECF No. 14) and **ORDERS** as follows:

1. *Deguzman v. Anderson et al.*, 25-CV-1964 JLS (VET) and *Miller v. Anderson et al.*, 25-CV-1985 JLS (VET) are **CONSOLIDATED** under Lead Case No. 25-CV-1964 JLS (VET).

2. All future filings **SHALL** bear the caption: "*In re Petco Health and Wellness Company, Inc. Derivative Litigation*." The Clerk of the Court **SHALL** rename this action accordingly.

2. The Brown Law Firm and Rigrodsky Law are **APPOINTED** as co-lead counsel to represent Plaintiffs in this action.

3. Plaintiffs **SHALL** file a consolidated complaint within <u>thirty (30) days</u> of entry of this Order.

**IT IS SO ORDERED.**

Dated: November 17, 2025

Hon. Janis L. Sammartino
United States District Judge